IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY K. KOSCH, | ) | CASE NO. 3:15 CV 846 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Mary Kay Kosch under 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security denying her application

for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript

of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 19. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 15.

[4] ECF # 16.

[5] ECF # 11.

[6] ECF # 17.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

For the reasons set forth below, the decision of the Commissioner will be affirmed as supported by substantial evidence.

## Facts

### A.      Background facts and decision of the Administrative Law Judge ("ALJ")

Kosch, who was fifty years old at the time of the administrative hearing,[11] has a tenth grade education,[12] is divorced, and lives with a friend.[13] For the past thirty-years she has had no relevant work history.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Kosch had the following severe impairments: affective, anxiety, and organic mental disorders, right knee bursitis, and left knee osteoarthritis (20 CFR 416.920(c)).[15]

---

[7] ECF # 38 (Commissioner's brief); ECF # 30 (Kosch's brief).

[8] ECF # 38-1 (Commissioner's charts); ECF # 44 (Kosch's charts).

[9] ECF # 31 (Kosch's fact sheet).

[10] ECF # 56.

[11] ECF # 16, Transcript ("Tr.") at 32.

[12] *Id*. at 35.

[13] *Id*. at 32-33.

[14] *Id*. at 37.

[15] *Id*. at 12.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Kosch's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except she can frequently use her lower extremities for the operation of foot pedals; frequently climb ramps or stairs, kneel, crouch, or crawl; never climb ladders, ropes or scaffolds; in simple, routine, repetitive tasks; with occasional decision making, changes in the work setting, coworker interaction, and supervision.[16]

Claimant has no past relevant work history.[17]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Kosch could perform. The ALJ, therefore, found Kosch not under a disability.

**B.     Issues on judicial review**

Kosch asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Kosch presents the following issues for judicial review:

- Whether the ALJ erred by improperly weighing the evidence.

- Whether the ALJ erred by improperly evaluating the claimant's subjective statements regarding pain and other symptoms.

- Whether the ALJ erred by improperly evaluating the claimant's credibility.

---

[16] *Id.* at 14.

[17] *Id.* at 18.

-3-

- Whether the ALJ erred by improperly evaluating the claimant's Residual Functional Capacity ("RFC").[18]

For the reasons that follow, I conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

### A.  Standards of review

### 1.  *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

---

[18] ECF # 30 at 3.

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-4-

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.     *Credibility***

As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[22] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms or limitations will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

-5-

determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[23]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work ... solely because the available objective medical evidence does not substantiate your statements.[24]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[25]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration.  The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[26] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

---

[23] *Id.* at 34484.

[24] 20 C.F.R. § 416.929(c)(2).

[25] *Swain v. Comm'r of Social Security*, 297 F. Supp. 2d 986, 988-89 (N.D. Ohio 2004).

[26] 20 C.F.R. § 404.1529(c)(3).

-6-

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[27]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[28] A court may not disturb the ALJ's credibility determination absent compelling reason.[29]

**B.    Application of standards**

Essentially this case asks me to decide whether the RFC is supported by substantial evidence and whether the finding on credibility is supported by substantial evidence.

---

[27] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[28] *Buxton*, 246 F.3d at 773.

[29] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

-7-

As to the first question, the claimant's RFC in this case was evaluated as to both her mental and physical capacities.

In the area of mental limitations the ALJ found that Koch had some specific disorders, but noted that she has "had very little treatment" for those impairments. Instead, the ALJ concluded that "her family problems are her biggest issue."[30]  The ALJ further observed that the opinion of Dr. Jerome Zake, Ph.D., a consulting psychological examiner, was based on a single GAF score that the ALJ discounted as "only a snapshot of one examiner's opinion of an individual's overall functioning at that particular moment," and not an "objective or even a contextual result" that may be compared to other results from other examiners at other times.[31]  The ALJ, therefore, gave "little weight" to Dr. Zake's 2012 functional opinion.[32]

As to physical function, the ALJ noted that Kosch testified that she has MS and fibromyalgia, but that "there is no objective medical evidence to support such diagnoses."[33] The ALJ further observed that Kosch has a bunion on her right foot that has not been treated, and has previously had several medical conditions that have since been resolved.[34]  He also

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

stated that Kosch has arthritis in her left knee, but found it "surprising" that her complaints of pain in this regard centered on when she was lying down.[35]

Counsel for Kosch agreed during the oral argument that no substantial evidence exists in the record to support the diagnoses of MS or of fibromyalgia.[36]  Thus, the conclusion of the ALJ in this regard is essentially conceded, and I find that it is consistent with the record before the ALJ and with the relevant law and regulations.

Moreover, the objective medical evidence in this record regarding the arthritis is sparse and was not extensively discussed by the ALJ.  But the ALJ did specifically note that a 2011 x-ray established the presence of arthritis in the left knee[37] and that a corticosteroid injection had produced "very little relief from pain."[38]  More importantly, the relevant objective medical evidence in this regard - the notes concerning the 2011 x-ray,[39] the 2011

---

[35] *Id.*

[36] The ALJ's opinion notes that Kosch asserted that she was diagnosed with MS 14 years ago but that the record submitted with this disability claim did not include any such diagnosis, and that she had made no request for medical records going back 14 years. *Id.* at 16. But I also note that the ALJ quotes Kosch as testifying at the hearing that "[h]er doctor told her a year ago that she had MS." *Id.* No attempt is made in the opinion or the briefs to reconcile the statements that the MS diagnosis was 14 years before the hearing or one year before.

[37] Although the ALJ refers to the x-ray as establishing arthritis, the note on the x-ray results refers to "spurs" on Kosch's knee, although it later describes the results of the x-ray as "she had arthritis." *Id.* at 284.

[38] *Id.* at 14.

[39] *Id.* at 284.

injection of the knee,[40] and the 2012 injection of the knee[41]- were mostly available to the state reviewing consultants who issued functional reports in April[42] and September of 2012.[43]

Even if the notes on the 2012 pain injection might not have been available for review in 2012, the two state agency reviewers, who rendered functional capacity opinions, were consistent in those opinions, which opinions are not contradicted by any other opinions in the record. While the ALJ did not specifically assign weight to those state agency review opinions, he did specifically note that the opinions were "considered" and are "consistent with ultimate finding" in this case.[44]

Moreover, as to Dr. Zake, the ALJ's comments about the nature of GAF scores are consistent with the view that such scores are not objective clinical data.[45]

Kosch asserts that the best supporting evidence for a more restrictive RFC is her own testimony as to her functional limitations.[46] While it is true that subjective complaints of the effect of pain may support a greater level of severity than is apparent in the objective

---

[40] *Id*. at 524-25.

[41] *Id*. at 517.

[42] *Id.* at 60-62 (Dr. Leslie Green M.D.).

[43] *Id*. at 78-79 (Dr. Gerald Klyop M.D.).

[44] *Id*. at 18.

[45] *Kennedy v. Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007).

[46] ECF # 30 at 13-15.

evidence, [47] it is also true that the ALJ, not the reviewing court, is to evaluate the credibility of the claimant.[48]  In so doing, the ALJ's final assessment must find support in the record and be articulated in sufficiently specific terms so as to make clear the ALJ's reasons for the finding.[49]  Consistency between the claimant's assertions and the other evidence of record tends to support the credibility of the claimant, while "inconsistency should have the opposite effect."[50]

Here, as has already been noted, the ALJ observed that:

(1) there were no supporting diagnoses of MS or of fibromyagia in the record;

(2) other medical conditions had largely been resolved and Kosch has had "very little treatment for her mental impairments;"

(3) opinions from the state agency consultants regarding Kosch's functional ability were "consistent" with the findings of the ALJ's opinion; and

(4) Kosch's activities of daily living supported a greater degree of function than did her complaints of disabling pain.[51]

Taken as a whole, these reasons articulated by the ALJ are sufficiently specific in that they are essentially grounded in particular findings of inconsistency between other evidence

---

[47] *Swain,* 297 F.Supp.2d at 986, 989 (citation omitted).

[48] *Rogers*, 406 F.3d at 247.

[49] *Id*. at 247-48.

[50] *Id.*

[51] Tr. at 17.

in the record and the claimant's complaints.  Accordingly, understood together with the deference due to the findings of the ALJ in this regard, I conclude that the decision to downgrade the credibility of the claimant is supported by substantial evidence and is in accord with the applicable case law and regulations.

### Conclusion

Therefore, for the reasons stated above, I find that the decision of the Commissioner in this matter is supported by substantial evidence, and thus is affirmed.


IT IS SO ORDERED.


Dated: August 15, 2016                          s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

-12-